UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CASSANDRA L. MAXWELL,                                    REPORT
                                                                    and
                                    Plaintiff,          RECOMMENDATION
                    v.                                  ----------------------------
                                                            DECISION
FRANCISKA BECKER,                                            and
                                                            ORDER
                                    Defendant.
_____                 12-CV-00864S(F)

APPEARANCES:        LIPSITZ, GREEN, FAHRINGER, ROLL,
                      SALISBURY & CAMBRIA
                    Attorneys for Plaintiff
                    CHERIE L. PETERSON,
                    JOSEPH J. MANNA, and
                    MICHELE A. BRAUN, of Counsel
                    Suite 300
                    42 Delaware Avenue
                    Buffalo, New York  14202

                    WILSON ELSER MOSKOWITZ
                      EDELMAN & DICKER LLP
                    Attorneys for Defendant
                    BEATA SHAPIRO, and
                    MARY JONES, of Counsel
                    1010 Washington Boulevard
                    Stamford, Connecticut  06901

## JURISDICTION

        This action was referred to the undersigned by Honorable William M. Skretny on

October 29, 2014, for all pretrial matters including preparation of a report and

recommendation on dispositive motions.  The matter is presently before the court on

Defendant's motions to preclude (Doc. No. 36), filed July 10, 2014, and for summary judgment (Doc. No. 41), filed September 23, 2014.[1]

## BACKGROUND and FACTS[2]

On June 27, 2012, Plaintiff Cassandra L. Maxwell ("Plaintiff" or "Maxwell"), a resident of New York, filed in New York State Supreme Court, Niagara County, a Summons and Complaint commencing this personal injury action against Franciska Becker ("Defendant" or "Becker"), a resident of Canada, alleging Plaintiff sustained personal injuries in a collision between Plaintiff's vehicle and Defendant's vehicle on February 3, 2012, in Niagara Falls, New York ("the accident").  On September 12, 2012, Defendant removed the action asserting diversity jurisdiction in this court pursuant to 28 U.S.C. § 1332, and filed an answer (Doc. No. 3).  That Defendant caused the accident is not disputed; rather, Defendant maintains the injuries Plaintiff sustained are not sufficiently severe as to constitute a "serious injury" as defined by New York Insurance Law ("N.Y. Ins. Law") § 5102(d) (McKinney 2006) ("§ 5102(d)") (precluding damages for non-economic losses, *i.e.*, pain and suffering, unless the plaintiff incurred a serious injury as defined in the statute).

On July 10, 2014, Defendant filed a motion to preclude seeking an order limiting Plaintiff's treating medical provider's testimony to facts rather than expert opinions (Doc. No. 36) ("Motion to Preclude"), supported by the attached Memorandum of Law in Support of Defendant's Motion to Preclude ("Defendant's Memorandum – Motion to

---

[1] Although Defendant's motion to preclude is nondispositive, and Defendant's motion for summary judgment is dispositive, the undersigned addresses both in this combined Report and Recommendation/Decision and Order in the interest of judicial economy.

[2] The Facts are taken from the pleadings and motion papers filed in this action.

Preclude"), with exhibits 1 through 6 ("Motion to Preclude Exh(s). __"), the Affirmation of

Beata Shapiro, Esq. in Support of Defendant's Motion to Preclude (Doc. No. 36-1)

("Shapiro Affirmation - Motion to Preclude"), attaching exhibits A through C

("Defendant's Exh(s). __ - Motion to Preclude").  On August 8, 2014, Plaintiff filed the

Attorney Affirmation of Joseph J. Manna, Esq, in Opposition (Doc. No. 38) ("Manna

Affirmation – Motion to Preclude"), attaching exhibits 1 and 2 (Docs. Nos. 38-1 and 38-

2) ("Plaintiff's Exh(s). __ - Motion to Preclude"), and the Memorandum of Law in

Opposition to Defendant's Motion to Preclude and Extend the Case Management Order

(Doc. No. 39) ("Plaintiff's Response – Motion to Preclude").  On August 29, 2014,

Defendant filed Defendant's Reply to Plaintiff's Objection to Defendant's Motion to

Preclude (Doc. No. 40) ("Defendant's Reply – Motion to Preclude").

On September 23, 2014, Defendant filed her motion for summary judgment (Doc.

No. 41) ("Summary Judgement Motion"), attaching in support the Rule 56: Statement of

Undisputed Facts (Doc. No. 41-1) ("Defendant's Statement of Facts"), the Memorandum

of Law in Support of Defendant's Motion for Summary Judgment (Doc. No. 41-2)

("Defendant's Memorandum - Summary Judgment"), the Affirmation of Beata Shapiro,

Esq. Pursuant to Local Rule 7(a)(3) (Doc. No. 41-3) ("Shapiro Affirmation – Summary

Judgment"), and exhibits A through Q (Docs. Nos. 41-4 through 41-6) ("Defendant's

Exh(s). __ - Summary Judgment").  On November 14, 2014, Plaintiff filed in opposition

to summary judgment the Affirmation of Joseph J. Manna, Esq. (Doc. No. 50) ("Manna

Affirmation – Summary Judgment"), attaching exhibits A through F (Docs. Nos. 50-1

through 50-6) ("Defendant's Exh(s). __ - Summary Judgment"), the Memorandum of

Law in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 51)

("Plaintiff's Response – Summary Judgment"), the Rule 56: Plaintiff's Statement of

Undisputed Facts (Doc. No. 52) ("Plaintiff's Statement of Facts"), the Affidavit of Michael

J. Cardamone, D.C. (Doc. No. 53) ("Dr. Cardamone's Affidavit"), attaching exhibit 1

(Doc. No. 53-1) ("Dr. Cardamone's Affidavit Exh."), and the Affirmation of Graham R.

Huckell, M.D. (Doc. No. 54) ("Dr. Graham Huckell's Affirmation"), attaching exhibits 1

and 2 (Docs. Nos. 54-1 and 54-2) ("Dr. Graham Huckell's Affirmation Exh(s). __").  On

December 5, 2014, Defendant file the Memorandum of Law in Support of Defendant's

Motion for Summary Judgment (Doc. No. 55) ("Defendant's Reply – Summary

Judgment"), attaching exhibits A and B (Doc. No. 55-1) ("Defendant's Exh(s). __ -

Summary Judgment Reply").   Plaintiff's motion to file additional papers opposing

summary judgment (Doc. No. 56), was denied by the undersigned on August 4, 2015

(Doc. No. 70).

Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion to Preclude is DENIED in part and

GRANTED in part; Defendant's Motion for Summary Judgment should be DENIED.

## DISCUSSION

### 1.    Motion to Preclude

Defendant moves for a court order precluding and limiting the testimony of

Plaintiff's treating medical providers disclosed in Plaintiff's Expert Witness List[3] to that of

ordinary witnesses because such witnesses were disclosed without an expert report or

any other information required by Fed.R.Civ.P. 26(a)(2)(b) ("Rule 26(a)(2)(B)").

---

[3] Filed as Defendant's Exh. A – Motion to Preclude, and Plaintiff's Exh. 2 – Motion to Preclude.

Defendant's Memorandum – Motion to Preclude at 2-4.[4]  According to Defendant,
Plaintiff's treating medical sources disclosed without an expert report may only receive
the statutory witness fee if deposed, *id.* at 4-5, the requested limitations should also
apply to Plaintiff's treating orthopedic surgeon, Graham Huckell, M.D. ("Dr. Huckell").
*id.* at 5-7, and the scheduling order should be extended until the issues raised by the
Motion to Preclude are addressed.  *Id.* at 7-8.  In opposition to the Motion to Preclude,
Plaintiff argues her treating providers are exempted from Rule 26(a)(2)(B)'s expert
report requirement, Plaintiff's Response – Motion to Preclude at 5-9, such that Plaintiff's
treating physicians are entitled to expert witness fees, *id.* at 9-12, and Defendant has
failed to demonstrate the requisite exceptional circumstances for amending the
scheduling order.  *Id.* at 2-5.  In further support of the Motion to Preclude, Defendant
maintains that Plaintiff, by listing all of her treating physicians as experts who are
allowed to testify about causation, rather than identifying them as fact witnesses who
would be limited to testifying only as to their respective observations and treatment of
Plaintiff, has intentionally increased Defendant's deposition costs.  Defendant's Reply –
Motion to Preclude ¶¶ 3-12.  Defendant further argues Plaintiff failed to provide a
complete trial and deposition history for Dr. Huckell, *id.* ¶¶ 13-17, that Plaintiff, despite
listing her physicians as expert witnesses, has opposed Defendant deposing the
physicians on the basis they are fact witnesses, *id.* ¶¶ 18-20, that the medical providers
are not entitled to expert witness fees, *id.* ¶¶ 21-25, that the preclusion issue should be
addressed now rather than awaiting trial, *id.* ¶¶ 26-31, and that Defendant's request to
extend the scheduling order is based upon exceptional circumstances.  *Id.* ¶¶ 32-40.

---

[4] Although Plaintiff's Expert Witness List contains the names of 13 expert witnesses, Defendant only
seeks to preclude or limit the testimony of only those 11 who are medical providers who treated Plaintiff in
connection with her alleged injuries.

Pursuant to Fed.R.Civ.P. 26(a)(2)(A) ("Rule 26(a)(2)(A)"), the identity of any witness expected to present evidence as an expert under Fed.R.Evid. Rules 702, 703, or 705 must be disclosed.  Further,

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report - - prepared and signed by the witness - - *if the witness is one retained or specially employed to provide expert testimony in the case* or one whose duties as the party's employee regularly involve giving expert testimony.

Fed.R.Civ.P. 26(a)(2)(B) ("Rule 26(a)(2)(B)") (italics added).

In the instant case, as Plaintiff argues, Plaintiff's Response – Motion to Preclude at 5-9, because none of the treating physicians Plaintiff listed as experts was "retained or specially employed to provide expert testimony in the case," the disclosure of such witnesses' identities was not required to be accompanied by a written report; rather, pursuant to Fed.R.Civ.P. 26(a)(2)(C) ("Rule 26(a)(2)(C)") (requiring more limited disclosure by experts not within the scope of Rule 26(a)(2)(B)), added in 2010, the disclosure need state only

> (i)     the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii)    a summary of the facts and opinions to which the witness is expected to testify.

Fed.R.Civ.P. 26(a)(2)(C).

Plaintiff's Expert Witness List identifies eleven treating physicians, including treating chiropractor Michael Cardamone, D.C. ("Dr. Cardamone"), primary care provider John Sauret, M.D. ("Dr. Sauret"), chiropractor Gary Smith, D.C. ("Dr. Smith") who performed a bilateral upper extremity NCV/EMG, Gregory Shields, M.D. ("Dr. Shields") who performed a lumbar spine MRI, James Rinaldi, M.D. ("Dr. Rinaldi") who performed a cervical spine MRI, Joseph Serghany, M.D. ("Dr. Serghany") who

performed an MRI of Plaintiff's right knee, Vernice Bates, M.D. ("Dr. Bates") who

performed a cervical spine MRI, treating pain management doctor Ashraf Henry, M.D.

("Dr. Henry"), treating neurousurgeon Eric Roger, M.D. ("Dr. Roger"), treating

orthopedist Cameron Huckell, M.D. ("Dr. Cameron Huckell"), and treating orthopedic

surgeon Graham Huckell, M.D. ("Dr. Graham Huckell") ("Plaintiff's treating physicians").

Plaintiff specifies that each of her treating physicians will testify "as an expert with

regard to the care and treatment he provided to plaintiff as a result of the injuries she

sustained in the automobile collision of February 3, 2012, as outlined in his medical

reports and records."  Plaintiff's Expert Witness List ¶¶ 1-11.

    "A treating physician may offer an opinion as to the cause of a plaintiff's injuries

without being required to submit a written report under Rule 26 of the Federal Rules of

Civil Procedure if the physician acquired that opinion through treatment of the plaintiff

and is not otherwise a 'witness retained or specially employed to provide expert

testimony.'" *Brusso v. Imbeault*, 699 F.Supp.2d 567, 578 (W.D.N.Y. 2010) (quoting

Fed.R.Civ.P. 26)).  Treating physicians may "have an opinion as to the cause of an

injury based upon their examination of the patient or to the degree of injury in the

future." *Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996)

(internal citation and quotation marks omitted).  *See Salas v. United States*, 165 F.R.D.

31, 33 (W.D.N.Y. 1995) ("As a general rule, a treating physician considers not just the

plaintiff's diagnosis and prognosis, but also the cause of the plaintiff's injuries.").  "A

treating physician need not be disclosed as an expert [under Rule 26(a)(2)(B)] unless

'the doctor's opinion testimony extends beyond the facts disclosed during care and

treatment of the patient and the doctor is specifically retained to develop opinion

testimony.'" *Brusso*, 699 F.Supp.2d at 578 (bracketed material added and quoting *Peck v. Hudson City School Dist., Hudson, N.Y.*, 100 F.Supp.2d 118, 121 (N.D.N.Y. 2000)). Accordingly, so long as a treating physician's testimony "is based solely upon the physician's care and treatment of the patient, a treating physician 'can express an opinion regarding the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of the disability, if any, caused by the injury.'" *Pokigo v. Target Corp.*, 2014 WL 6885905, at * 4 (W.D.N.Y. Dec. 8, 2014) (quoting *Zanowic v. Ashcroft*, 2002 WL 373229, at * 3 (S.D.N.Y. Mar. 8, 2002)).

Here, upon reviewing Plaintiff's Expert Witness List, it does not appear that any of the eleven physicians was specifically retained by Plaintiff to offer expert opinion testimony in this case aside from that developed in the course of treating Plaintiff. Further, the papers filed in connection with the Motion to Preclude, including Plaintiff's Expert Witness List, Defendant's Memorandum – Motion to Preclude, Plaintiff's Response – Motion to Preclude, Defendant's Reply – Motion to Preclude, Beata Affirmation – Motion to Preclude, and Manna Affirmation – Motion to Preclude, the undersigned finds that Plaintiff's treating physicians qualify under Rule 26(a)(2)(C), as witnesses for whom written reports pursuant to Rule 26(a)(2)(B) are not required, and that the respective disclosures of these witnesses served by Plaintiff, *see* Plaintiff's Exh. 2 – Motion to Preclude; Defendant's Exh. A – Motion to Preclude, in accordance with Rule 26(a)(2)(C), adequately state the subject matter and the facts and opinions upon which such witnesses are expected to testify in compliance with Rule 26(a)(2)(C). Accordingly, Defendant's Motion to Preclude is DENIED insofar as Defendant seeks to

preclude Plaintiff's treating physicians from offering an opinion as to the cause and

extent of, and prognosis for Plaintiff's injuries.

Plaintiff admits, Plaintiff's Response – Motion to Preclude at 9, that she expects

Dr. Graham Huckell to also testify as to the permanency of Plaintiff's injuries, which

Plaintiff concedes, Plaintiff's Response – Motion to Compel at 9, renders Dr. Graham

Huckell a retained expert witness requiring compliance with Rule 26(a)(2)(B)'s

additional criteria, including

> (i)     a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)    the facts or data considered by the witness in forming them;
> (iii)   any exhibits that will be used to summarize or support them;
> (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B).

Defendant, however, maintains Plaintiff has failed to disclose with regard to Dr. Graham

Huckell a list of all publications authored in the past 10 years, and a list of all cases at

which Dr. Huckell has testified as an expert at trial or by deposition in the last four

years, and has inadequately disclosed Dr. Graham Huckell's compensation merely

stating Dr. Graham Huckell has been compensated $ 1,000 for expert services.

Defendant's Memorandum – Motion to Preclude at 6-7.  In opposition, Plaintiff maintains

the written report submitted for Dr. Graham Huckell complies with Rule 26(a)(2)(B)

because Dr. Graham Huckell "apparently did not author" any publications in the last ten

years, that Dr. Graham Huckell's office advised no written record of his prior expert

deposition and trial testimony was kept such that Plaintiff's counsel listed only those

cases revealed by a Westlaw search conducted in a good faith effort to provide such information, and that Plaintiff disclosed how much she had to date paid Dr. Graham Huckell as an expert witness.  Plaintiff's Response – Motion to Preclude at 11-12.  In further support of the Motion to Preclude, Defendant asserts Plaintiff failed to meet her obligation of determining whether Dr. Graham Huckell authored any publications in the last ten years, should have made further inquiry of Dr. Graham Huckell as to any other cases in which expert witness deposition or trial testimony was provided, and had improperly shifted the burden to Defendant to determine how much Plaintiff had paid to retain Dr. Graham Huckell as an expert witness.  Defendant's Reply – Motion to Compel ¶¶ 15-16.

The record establishes that Plaintiff has failed to meet three of the six criteria to have Dr. Graham Huckell testify as a retained expert, such that he cannot give an opinion as to the permanency of Plaintiff's injuries.  Specifically, Plaintiff has failed to establish she even inquired as to whether Dr. Graham Huckell had authored any publications in the last ten years, or took any steps to determine in what cases Dr. Graham Huckell had provided expert witness deposition or trial testimony in the last four years and Plaintiff's assertion that Dr. Graham Huckell's office does not keep such records begs the question as to whether Dr. Graham Huckell could not answer such question by consulting his personal financial records to determine when and from who he received payment for such testimony over the last four years.  Furthermore, Plaintiff's assertion that Defendant had 10 months from the time Plaintiff disclosed her Expert Witness List to the filing of the instant motion to determine how much Plaintiff is paying Dr. Graham Huckell as an expert witness improperly shifts the burden to

Defendant.  Accordingly, Plaintiff's report regarding Dr. Graham Huckell fails to comply with Rule 26(a)(2)(B)(iv), (v), and (vi), such that the physician's expert witness testimony will be limited to that which is based on his own observations and treatment of Plaintiff, excluding the subject matter of the permanency of Plaintiff's injuries.

Plaintiff's treating physicians are, however, entitled to "reasonable fees" as expert witnesses under Fed.R.Civ.P. 26(b)(4)(E), rather than the $ 40 per day ordinary "fact witness" compensation under 28 U.S.C. § 1821(b).  Significantly, Defendant references no case law in support of this argument.  *See* Defendant's Memorandum – Motion to Preclude at 4-5.

The courts are split as to whether treating physicians who are designated to testify based only on their own observations and treatment of a patient "are entitled to a reasonable fee by virtue of their specialized knowledge in all that they professionally do."  *Lavigna v. State Farm Mutual Auto. Ins. Co.*, 2009 WL 2922836, at * 3 n. 2 (N.D.N.Y. Sept. 8, 2009) (citing *Lamere v. New York State Office for the Aging*, 223 F.R.D. 85, 91-94 (N.D.N.Y. 2004)).  In this district, however, courts have recognized that treating physicians, even when not testifying as a specially retained expert, are entitled to reasonable compensation rather than the statutory $ 40 per day fee.  *See*, *e.g.*, *Carovski v. Jordan*, 2008 WL 4501907, at * 2 (W.D.N.Y. Sept. 30, 2008) (discussing amount of fee that was reasonable for treating neuropsychologist who testified at deposition).  Accordingly, the court finds Plaintiff's expert witnesses are entitled to compensation of a reasonable fee, rather than the $ 40 per day statutory fee applicable to fact witnesses.

Defendant also requests the court extend deadlines in the scheduling order until the issues presented in the Motion to Preclude are decided.  Defendant's Memorandum – Motion to Preclude at 7-8.  Plaintiff argues in opposition that not only has Defendant failed to present the "good cause" required under Fed.R.Civ.P. 16(b) to amend a scheduling order, but Defendant has further failed to show "exceptional circumstances" exist warranting the requested extension as required by the May 12, 2014 Scheduling Order (Doc. No. 33).  Defendant maintains that the unresolved issues presented in the instant Motion to Preclude rendered it impossible for Defendant to determine which of Plaintiff's treating physicians would be deposed or how much deposing such witnesses would cost and that the requested extension will result in no prejudice to Plaintiff. Defendant's Reply – Motion to Preclude ¶¶ 35-40.

Fed.R.Civ.P. 16(b) provides that "the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"  *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir. 2009) (quoting Fed.R.Civ.P. 16(b)), *cert. denied*, __ U.S. __, 131 S.Ct. 795 (2010).  "A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003).  In the instant case, although Plaintiff disclosed her Expert Witness List to Defendant on October 15, 2013, and the deadlines for fact discovery expired on January 31, 2014, and for expert witness discovery expired on July 22, 2014, Defendant made no effort to notice depositions of any of Plaintiff's disclosed expert witnesses or to ascertain the amount of fees any of Plaintiff's treating physicians would require for a deposition.  Rather, on July 10, 2014, Defendant filed the instant motion.  Under these circumstances, Defendant

simply has failed to establish that the applicable deadlines could not, despite diligence, be met.

Defendant's Motion to Preclude is DENIED as to the request to extend the scheduling order.

## 2.    Summary Judgment

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  The court is required to construe the evidence in the light most favorable to the non-moving party.  *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment.  *Celotex*, 477 U.S. at 322; *see Anderson*, 477 U.S. at 247-48 ("summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").  "A fact is material if it 'might affect the outcome of the suit under governing law.'"  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson*, 477 U.S. at 248).

"[T]he evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions."  *Brady v. Town of*

13

*Colchester*, 863 F.2d 205, 211 (2d Cir. 1988)).  A defendant is entitled to summary

judgment where "'the plaintiff has failed to come forth with evidence sufficient to permit

a reasonable juror to return a verdict in his or her favor on'" an essential element of a

claim on which the plaintiff bears the burden of proof.  *In re Omnicom Group, Inc., Sec.*

*Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379

(2d Cir. 1992)).  Once a party moving for summary judgment has made a properly

supported showing of the absence of any genuine issue as to all material facts, the

nonmoving party must, to defeat summary judgment, come forward with evidence that

would be sufficient to support a jury verdict in its favor.  *Goenaga v. March of Dimes*

*Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).  "[F]actual issues created

solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine'

issues for trial."  *Hayes v. New York City Dept. of Corrections*, 84 F.3d 614, 619 (2d Cir.

1996).

Defendant moves for summary judgment arguing Plaintiff has failed to raise a

material issue of fact that she has sustained a "serious injury" as defined under

§ 5102(d).  Defendant's Memorandum – Summary Judgment at 1.  In opposition,

Plaintiff argues reports and medical records from her treating physicians establish

material issues of fact as to the severity of the injuries Plaintiff sustained as a result of

the accident.  Plaintiff's Response – Summary Judgment at 1.  Plaintiff also challenges

the admissibility of the unsworn medical records and reports prepared by Defendant's

expert physicians who never examined Plaintiff but only reviewed Plaintiff's medical

records in arriving at their opinions.  *Id.* at 4-8.  In further support of summary judgment,

Defendant argues her expert reports are admissible, Defendant's Reply – Summary

Judgment at 1-6, and assert Plaintiff's treating orthopedic surgeon's affirmation is inadmissible because it is unsworn and uncertified. *Id.* at 6.

### A.    Admissibility of Evidence

Preliminarily, the court addresses the parties' arguments regarding the admissibility of their respective evidence.  Plaintiff argues Defendant's expert witnesses' reports are inadmissible because the reports either were not sworn or were not based on a physical examination of Plaintiff.  Plaintiff's Response – Summary Judgment at 4-8. In further support of summary judgment, Defendant maintains no case law requires Defendant's medical experts physically examine Plaintiff, Defendant's Reply – Summary Judgment at 1-2, that unsworn medical records and reports are sufficient to establish the lack of a "serious injury," *id.* at 3-6, and that the affirmation of Plaintiff's treating orthopedic surgeon, Dr. Graham Huckell, is unsworn and therefore inadmissible to oppose summary judgment.  *Id.* at 6.

First, as Defendant argues, Defendant's Reply – Summary Judgment at 1-2, Plaintiff fails to reference any caselaw in support of her argument that a physician retained as an expert by Defendant must physically examine Plaintiff, Plaintiff's Response at 4, and the court's research reveals none.[5]

Plaintiff's argument that the medical records and reports on which Defendant relies in support of summary judgment must be sworn is premised on the civil procedure law of New York, which is inapplicable in this court.  *See Williams v. Elzy*, 2003 WL 22208349, at * 5-6 (S.D.N.Y. Sept. 23, 2003) (rejecting New York's requirement that reliance upon unsworn medical reports of medical providers "is not proper in the context

---

[5] Insofar as Plaintiff argues that Defendant failed to timely disclose all of her experts, Plaintiff's Response – Summary Judgment at 4-7, Plaintiff has not moved to preclude such experts for failure to meet Rule 26(a)(2)(A)'s disclosure requirement thereby failing to give the Defendant fair notice.

of opposing a threshold summary judgment motion," as inapplicable in federal district court where the Federal Rules of Evidence apply).  In *Williams*, the court observed that the plaintiff's physician's testimony was expert testimony and, under Fed.R.Evid. 703, "'may be based on facts 'of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject,' and these facts 'do not need to be admissible in evidence.''"  *Id.* at 5 (quoting *Nasrallah v. Helio De*, 1998 WL 152568, at * 7 (S.D.N.Y. Apr. 2, 1998) (quoting Fed.R.Evid. 703)).  As such, "'[a]n expert may rely, as here, on hearsay if it is common in his field to do so.'"  *Id.* (quoting *Nasrallah*, 1998 WL 152568, at * 7 (citing *United States v. Locascio*, 6 F.3d 924, 928 (2d Cir. 1993))).  "'Certainly it is common for treating physicians to rely on the interpretive reports of radiologists in making diagnoses without viewing the underlying scans themselves or requiring the radiologists to file affidavits.'"  *Id.*  There thus is no merit to this argument.

Further, insofar as Defendant argues Dr. Graham Huckell's Affirmation is unsworn and, hence, inadmissible, Defendant's Reply – Summary Judgment at 6, a plain reading of the affirmation establishes it has been affirmed under penalty of perjury. Dr. Graham Huckell's Affirmation at 1, 9.  Significantly, under 28 U.S.C. § 1746 ("§ 1746"), "[w]herever . . . any matter is required . . . to be supported . . . or proved by . . . sworn . . . affidavit, . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration. . . in writing of such person which is subscribed by him, as true under penalty of perjury . . . ."  Statements that are unsworn, yet affirmed under penalty of perjury, have been held under § 1746 sufficient to prove a "serious injury" as defined under § 5102(d).  *See Baytsayeva v. Shapiro*, 868 F.Supp.2d 6, 19 (E.D.N.Y. 2012)

(considering on defendants' motion for summary judgment asserting injured pedestrian could not establish "serious injury" under § 5102(d) unsworn physician reports submitted by defendants in support of summary judgment because reports were affirmed under penalties of perjury); *Williams*, 2003 WL 22208349, at * 5 (holding unsworn declaration, but affirmed under penalty of perjury, admissible under § 1746 to prove "serious injury" under § 5102(d)).  Accordingly, Defendant's assertion that Dr. Graham Huckell's Affirmation is inadmissible in opposing summary judgment is without merit.

**B.    New York No-Fault Insurance Law**

Defendant seeks summary judgment on the basis that Plaintiff cannot establish she suffered a "serious injury" as defined under § 5102(d).  The "legislative intent underlying the No-Fault Law was to weed out frivolous claims and limit recovery to significant injuries."  *Dufel v. Green*, 674 N.E.2d 105, 107 (N.Y. 1995).  As relevant here, New York Insurance Law provides

> Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.

N.Y. Ins. Law § 5104(a) (McKinney 1984) (" § 5104(a)").

A "serious injury" is defined as

> a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; *or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less*

*than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.*

N.Y. Ins. Law § 5102(d) (italics added).

In the instant case, there is sufficient evidence in the record establishing the existence of a genuine issue of material fact regarding whether Plaintiff was unable to perform substantially all of the material acts constituting her usual and customary activities for not less than 90 days during the 180 days immediately following the accident ("90/180 rule").

Significantly, "[a] plaintiff's inability to work, whether or not she can perform other 'usual activities' is sufficient alone to make out a prima facie 90/180 claim." *Baytsayeva*, 868 F.Supp.2d at 24-25 (citing *Mercado v. Lee*, 2008 WL 4963985, at * 5 (S.D.N.Y. Nov. 21, 2008) (holding with regard to § 5102(d) that "an inability to work is a limit on 'substantially all' of a plaintiff's customary activities.")). *See also Martin v. Fitzpatrick*, 799 N.Y.S.2d 285, 288 (3d Dep't 2005) (concluding the plaintiff's inability to work for three months following accident established material issue of fact as to whether the plaintiff suffered a "serious injury" under § 5102(d), precluding summary judgment); *Bowen v. Dunn*, 762 N.Y.S.2d 465, 466 (4th Dep't 2003) (holding material issue of fact existed as to whether the plaintiff suffered a "serious injury" under § 5102(d)'s "90/180" rule where the plaintiff was unable to return to work for more than 90 days after the accident, precluding summary judgment).

In the instant case, Plaintiff relies in opposition to summary judgment on Dr. Cardamone's  statement that Dr. Cardamone provided Plaintiff with disability notes excusing Plaintiff from work through July 31, 2012.  Plaintiff's Response – Summary Judgment at 13.  *See also* Dr. Cardamone's Affidavit ¶ 4 (Dr. Cardamone stating he first

issued Plaintiff a disability note on February 20, 2012, for Plaintiff to remain out of work

based on the injuries she sustained in the February 3, 2012 accident), and ¶ 12

("Because [Plaintiff] showed little to any improvement with regard to her neck injuries, I

continued to provide her with disability notes excusing her from work through July 31,

2012."). Copies of Dr. Cardamone's notes excusing Plaintiff from work from February

20, 2012, through July 31, 2012 are filed as Dr. Cardmone's Affidavit Exh. at 92-97. Dr.

Cardamone's determination that Plaintiff was unable to work is consistent with treatment

notes from Advanced Care PT Niagara Falls Plaintiff attended for physical therapy from

March 3, 2012 through January 3, 2013, in which it is noted at each of Plaintiff's

treatment visits that "Patient is unable to work at this time due to her injury." Dr.

Graham Huckell's Affirmation Exh. 1 at 18 (March 3, 2012) – 137 (January 3, 2013).

Plaintiff has thus, based on controlling New York caselaw, Discussion, *supra*, at

18-19, demonstrated a genuine issue of material fact exists as to whether she has

sustained a "serious injury" as defined under § 5102(d) based on her inability to work for

more than 90, *i.e.*, February 3 through July 31, 2012 (178 days), of the 180 days

immediately following the accident, and the court need not address Defendant's

remaining arguments in support of summary judgment. Defendant's Motion for

Summary Judgment should, therefore, be DENIED.

## <u>CONCLUSION</u>

Based on the foregoing, Defendant's Motion to Preclude (Doc. No. 36) is

DENIED in part and GRANTED in part; Defendant's Motion for Summary Judgment

(Doc. No. 41), should be DENIED.

SO ORDERED, as to Defendant's
Motion to Preclude,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to Defendant's
Motion for Summary Judgment,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      August 13, 2015
            Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

<u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u>

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      August 13, 2015
                  Buffalo, New York